UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DARRYL S. LYONS,

               Plaintiff,               Case No. 1:08-cv-987

v.                                            Honorable Paul L. Maloney

PEOPLE OF THE STATE OF MICHIGAN,

               Defendant.
_____/

## ORDER DENYING RELIEF FROM JUDGMENT

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. On December 16, 2008, the Court issued an order (docket #3) dismissing the complaint for failing to either pay the filing fee or file the necessary documents to apply to proceed *in forma pauperis*. The matter presently is before the Court on Plaintiff's motion for relief from judgment (docket #4).

A motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure may be granted only for certain specified reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, mis-representation, or the like; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. If none of the first five enumerated examples of Rule 60(b) apply, relief under Rule 60(b)(6) is only available when exceptional or extraordinary circumstances are present. *Cincinnati Ins. Co. v. Byers*, 151 F.3d 574, 578 (6th Cir. 1998).

Plaintiff does not specify the section under which he brings his motion. He alleges that he is deaf and cannot speak, and he did not understand the order of dismissal. Such a claim appears to fall under Rule 60(b)(1), alleging excusable neglect. The Sixth Circuit has held that Rule 60(b)(1) should be applied "'equitably and liberally . . . to achieve substantial justice.'" *See Williams v. Meyer*, 346 F.3d 607, 612-13 (6th Cir. 2003) (quoting *United Coin Meter v. Seaboard Coastline R.R.*, 705 F.2d 839, 844-45 (6th Cir. 1983)). In deciding whether relief is warranted, the Court must consider three factors: (1) whether the party seeking relief is culpable; (2) whether the party opposing relief will be prejudiced; and (3) whether the party seeking relief has a meritorious claim or defense. *Williams*, 346 F.3d at 613 (citing *United Coin*, 705 F.2d at 845).

Plaintiff's claim that he is deaf and did not understand the order of dismissal does not provide a basis for failing to act for more than one-and-one-half years. The instant letter-motion filed by Plaintiff could as easily have been filed within days of his receipt of the December 16, 2008 order. Moreover, even assuming that Plaintiff could be excused for some period because of his difficulties, his motion is untimely. A motion under Rule 60(b)(1) must be made within a reasonable time, not more than one year after the judgment or order was taken. Fed. R. Civ. P. 60(b)(3). Plaintiff's motion was filed more than one year after the order of dismissal. Accordingly,

**IT IS ORDERED** that Plaintiff's motion for relief from judgment (docket #4) is **DENIED**.

Dated:   September 7, 2010          /s/ Paul L. Maloney
                                    Paul L. Maloney
                                    Chief United States District Judge